UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| GEORGE LAMBERT, AND DONNA LAMBERT,<br><br>        Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | 5:16-CV-06160 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs ***Motion to Compel*** (Doc. No. 15.) filed on October 31, 2016, requesting that the Court compel the Defendant to fully answer the discovery propounded by Plaintiffs. The Complaint in this matter brings three causes of action. Count 1 seeks a declaration that Nationwide provide coverage to the Plaintiff George Lambert for the reasonable and necessary physician bills of Plaintiff Donna Lambert. Counts 2 and 3 allege violations of the Unfair Trade Practices Act and common law bad faith, respectively. In general, the Defendant limited its answers to the Plaintiffs' discovery requests to only what it believed were "relevant" and "proportional" to the Declaratory Judgment action per Fed. R. Civ. P. 26(b)(1). In the parties' Rule 26(f) Report of Planning Meeting, the parties suggested that they agreed to bifurcate the Declaratory Judgment matter (Count 1) from the Bad Faith Claims (Counts 2 and 3). (Doc. No. 6 at 2.) Specifically, the parties stated:

> Parties agree to proceed with the Court for Declaratory Relief, and stay the remaining counts, pending a dispositive ruling; **a Motion and proposed Order staying the remaining counts will be submitted to the Court.** As it related to the discovery deadlines referenced below, the parties agree that those deadlines will apply to the Declaratory Action, and that the parties will revisit

1

> new deadlines for the remaining counts once a dispositive ruling on the Count for Declaratory Relief is achieved. As it relates to the scope of discovery on the Count for Declaratory Relief, the parties disagree as to the necessary scope of discovery, if any. The parties intend to propound discovery requests, if any, to the opposing party; then, the parties will meet and confer; if agreement cannot be reached, then the parties will approach the court for resolution.

**Id**. (Emphasis added.)

The Plaintiffs argue that the Defendant did not object to the discovery requests as being not relevant and not proportional and therefore waived that objection when they tendered their answers. Furthermore, Plaintiffs further argue that, regardless of whether the objections as to relevance and proportionality were waived, the requests are relevant and proportional to the needs of evaluating the coverage claim. (Doc. No. 15 at ¶ 6 & 7.)

The Defendant asserts: "[g]iven that discovery is proceeding only with respect to the coverage claim, our dispute therefore revolves around what is 'relevant' to the coverage claim and 'proportional' to the needs of evaluating the coverage claim." (Doc. No. 17-3 at 2.)

In short, Plaintiffs' argument is that the information sought is "relevant" and proportional to the declaratory judgment cause of action; while the Defendant's argument is that the information not disclosed is related to the "stayed" causes of action and therefore the Defendant's responses to the discovery requests are "relevant" and "proportional" to the Declaratory Judgment cause of action.

## **Analysis**

This matter is governed by the ***Scheduling Order*** entered by the Hon. Irene Berger, District Court Judge, entered on August 18, 2016. (Doc. No. 7.) The Order provides, in part, at ¶ 2:

> The parties shall complete **all** discovery requests by February 15, 2017. **All** discovery, including disclosures required by Fed. R. Civ.

2

> P. 26(a)(1) and (2), but not disclosures required by Fed. R. Civ. P. 26(a)(3), shall be completed by April 14, 2017. The last date to complete depositions shall be May 15, 2017. Pursuant to L.R. Civ. P. 26.1(c), the Court adopts and approves the agreements of the parties with respect to limitations on discovery (**numbers of interrogatories, requests for admissions, and depositions**). (emphasis added.)

The parties never submitted a motion to bifurcate the causes of action and Judge Berger has not entered an Order bifurcating the causes of action. While the scheduling order contemplates that the Court "adopts and approves" the agreements regarding the limitations on discovery, it is expressly limited to the number of interrogatories, requests for admissions and depositions.[1] The Order does not limit the subject matter of discovery in any way and in fact provides just the opposite. The Order states "all" discovery requests are to be made by February 15, 2017 and "all" discovery per Fed. R. Civ. P. 26 (a)(1) and (2) shall be completed by April 14, 2017.

Furthermore, the parties never submitted a motion or proposed Order seeking bifurcation of the causes of action. While the parties have proceeded as if a bifurcation and stay order had been entered, their mistake or misunderstanding does not limit the Court's management of this case in any way. Therefore, the Court **FINDS** that the scope of discovery has not been limited by this Court.

With the understanding that scope of discovery has not been limited by the Court, the undersigned **FINDS** as follows:

1. Discovery has not been bifurcated by the Court;

2. The Court has not stayed any of the causes of action pending in this matter;

3. The Scheduling Order provides that ALL discovery is to be completed in this matter by the dates indicated in the order;

---

[1] This is standard "boilerplate" language that Judge Berger includes in her scheduling orders as it relates to the number of interrogatories, requests for admissions and depositions.

3

4. That the discovery requests are "relevant" and "proportional" to the three pending causes of action.

5. The Plaintiffs' Motion to Compel is **GRANTED** and the Defendant shall submit full answers to all Interrogatories and Requests for Production of Documents no later than **November 30, 2016**.

While the undersigned has decided the matter primarily on the basis that the discovery has not been limited as the parties had suggested since the Court has not entered a bifurcation order or stay, the undersigned thinks it is prudent to at least briefly touch upon the arguments put forth by the parties.

While the Defendant stated that the Counsel for Plaintiffs indicated that he wished to conduct depositions of the individuals involved in the evaluation of Mr. Lambert's coverage claim, the Defendant's counsel responded that "the 'evaluation' of the coverage claim is relevant only to the bifurcated claims, and not whether the subject policies afford Mr. Lambert requested coverage." (Doc. No. 17-3 at 2, fn. 2.) The undersigned finds that argument hard to apply as a practical manner. Where the line is drawn, between evaluating the coverage claim for declaratory judgment versus the bad faith actions, is blurry at best. The Defendant argues that "discovery is proceeding only with respect to **the coverage claim**" (see Id. at 2, first sentence after the indented paragraphs) but then asserts that **"'evaluation' of the coverage claim'"** is relevant only to the bifurcated [bad faith] matters. (Id. at fn. 2.) In the opinion of the undersigned, such a distinction is difficult to apply in these types of matters; for example: Who made the decision to not provide coverage? Is that a coverage matter that would be discoverable assuming this case was bifurcated or is this the "evaluation" of the coverage matter that only applies to the bad faith claims assuming this case was bifurcated? There are voluminous other examples that preclude discussion here.

4

However, in order for the parties to carry out discovery in a timely and efficient manner, the undersigned **ORDERS** that the following procedures should be utilized by the parties:

1. Should Defendant object to an inquiry of the Plaintiffs, for example, on the basis that the inquiry goes into the evaluation of the coverage claim, then Counsel for Defendant shall note its objection for the record during the inquiry (either in responses to discovery requests or in depositions). However, Defendant shall answer the discovery request while noting the objection.

2. In a deposition, the witnesses are **ORDERED** to answer the question(s) made by the Plaintiff and objected to by Defendant.

3. In a deposition, it is further **ORDERED** that Defendant's Counsel shall not instruct the witnesses to not answer the question(s).

4. Following the inquiry (either discovery requests or depositions), Defendant may move, via a Motion *in Limine*, to have any objectionable answer stricken or limited from being introduced at trial.

5. The Court will then rule on the objection or objections, if any.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii), the Court declines to issue an award for the payment of expenses in this matter as both parties believed, albeit unreasonably so, that they were proceeding only upon the Declaratory Judgment matter only and not the bad faith causes of action. If the Plaintiff would have argued that there was no stay in place and had the Defendant insisted otherwise, an award of fees would be justified since the Court has not entered a bifurcation and stay order regarding the bad faith claims. However, since both sides proceeded as though a bifurcation and stay Order was in place, and since the undersigned has **GRANTED** the ***Motion to***

*Compel* for the reasons other than what the parties advocated, the undersigned **FINDS** that under those circumstances, an award of expenses is unjust.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Irene Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

ENTER: November 7, 2016.

BY THE COURT:

_____
Omar J. Aboulhosn
United States Magistrate Judge