**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

GEORGE LAMBERT and
DONNA LAMBERT,

      Plaintiffs,

v.           CIVIL ACTION NO.   5:16-cv-06160

NATIONWIDE MUTUAL INSURANCE
COMPANY,

      Defendant.

**MEMORANUDM OPINION AND ORDER**

The Court has reviewed the *Defendant's Objections to the November 7, 2016 Memorandum Opinion and Order* (Document 26), *Plaintiffs George and Donna Lambert's Response in Opposition to Defendant Nationwide Mutual Insurance Company's Objections to the November 7, 2016 Memorandum Opinion and Order* (Document 28), the *Defendant's Reply in Support of its Objections* (Document 29), and the Magistrate Judge's November 7, 2016 *Memorandum Opinion and Order* (Document 20).   For the reasons stated herein, the Court finds that the Defendant's objections should be overruled, and the Magistrate Judge's Memorandum Opinion and Order should be adopted.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Plaintiffs, George Lambert and Donna Lambert, initiated this case on June 6, 2016, by filing a complaint in the Circuit Court of Wyoming County, West Virginia, naming Nationwide Mutual Insurance Company ("Nationwide") as the Defendant.   Nationwide removed the case to

this Court on July 8, 2016, citing diversity jurisdiction.   In their complaint, the Plaintiffs allege that Ms. Lambert was injured in a car accident and sought insurance coverage for her medical bills. The Plaintiffs demanded liability policy limits under their policy with the Defendant, but allege that the limit was not sufficient to fully cover Ms. Lambert's medical bills.   Therefore, the Plaintiffs made a separate demand for liability limits under the policy on behalf of Mr. Lambert, arguing that he is entitled to these limits because he is responsible for paying the remainder of Ms. Lambert's medical bills.   Count One of the complaint seeks a declaration that Nationwide is responsible for providing insurance coverage to George Lambert for the payment of the medical bills of Donna Lambert.   Counts Two and Three of the complaint contain various allegations of bad faith on behalf of Nationwide.

On August 17, 2016, the parties filed their *Rule 26(f) Report of Planning Meeting* (Document 6).   In that report, the parties stated that they "agree[d] to proceed with the Count for Declaratory Relief, and stay the remaining counts, pending a dispositive ruling; a Motion and proposed Order staying the remaining counts will be submitted to the Court." (Rep. of Planning Meeting, at ¶4.)   On August 18, 2016, the Court entered its *Scheduling Order* (Document 7).   The scheduling order states that "[t]he parties shall complete all discovery requests by February 15, 2017." (Scheduling Order, at ¶2.)   The scheduling order does not mention any bifurcation of issues for the purposes of discovery.   Further, no motion or proposed order was submitted to the Court for consideration concerning bifurcation of the counts in the complaint prior to the entry of the scheduling order.

On August 25, 2016, the Plaintiffs submitted their First Set of Interrogatories and Requests for Production of Documents, and the Defendant responded to those discovery requests on

September 30, 2016.   Dissatisfied with the Defendant's answers, the Plaintiffs filed a request that the Defendant supplement its answers to the Plaintiffs' discovery requests.   The Defendants countered that the supplemental answers sought by the Plaintiffs were not relevant to discovery at hand and refused to answer the supplemental request.   The Plaintiffs then filed a *Motion to Compel* (Document 15) on October 31, 2016, and said motion was referred to Magistrate Judge Omar Aboulhosn.   Judge Aboulhosn held a hearing on the motion on November 7, 2016.   On the same day, Judge Aboulhosn entered a *Memorandum Opinion and Order* granting the Plaintiffs' motion to compel and requiring Nationwide to submit full answers to the Plaintiffs' interrogatories.

On November 21, 2016, Nationwide filed a *Motion to Stay Operation of the November 7, 2016 Memorandum Opinion and Order* (Document 24) and filed its objections to the order.   The Plaintiffs responded on December 5, 2016, and Nationwide filed its reply on December 12, 2016. The Defendant's objections are ripe for review.

## STANDARD OF REVIEW

According to Rule 72(a) of the Federal Rules of Civil Procedure, "a party may seek district court review of a magistrate judge's order on a nondispositive matter by filing objections to the order within ten days after being served with a copy."   *Equitable Prod. Co. v. Elk Run Coal Co.*, No. CIV.A. 2:08-00076, 2008 WL 5263737, at *2 (S.D.W. Va. Dec. 17, 2008).   The rule further dictates that "the 'district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"   *Id.*; *see also*, 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

A magistrate judge's ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va. 1994). Findings of facts by a magistrate judge must be affirmed by the District Court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548, quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S.D.W.Va. January 28, 2014) (Chambers, J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S.D.W.Va. Apr. 19, 2013). Thus, the Court will review the Magistrate Judge's legal conclusions to determine if they are contrary to law under a *de novo* standard. *Id.*

## DISCUSSION

The Defendant raises three objections to the Magistrate Judge's November 7, 2016 order. The Court will address each objection.

### A. *Presumed Bifurcation Agreement*

First, the Defendant asserts that it was reasonable for the two parties to presume that the issues were bifurcated concerning discovery based on their agreement set out in their planning meeting report, and it was clearly erroneous for the Magistrate Judge not to consider that agreement. The Defendant states that it circulated a proposed motion and order to the Plaintiffs to be filed with the Court, but that said motion was never agreed to by the Plaintiffs. The Defendant further argues that, regardless of that proposed motion to bifurcate, it was reasonable

4

for both parties to assume that the Court would, and did, approve of their agreement to stay discovery of the bad faith claims while awaiting a dispositive ruling on the claim for coverage, and the Magistrate Judge was clearly erroneous in not considering and upholding this agreement to bifurcate during discovery.

The Plaintiffs counter that the Magistrate Judge did properly consider the agreement to bifurcate the claims and that no error was committed.   The Plaintiffs claim that the Magistrate Judge's opinion clearly shows that even if there was a valid bifurcation agreement, it would have had no bearing on the order granting the motion to compel, and that this Court should therefore accept the recommended disposition as not being contrary to law.

The Court finds that the Magistrate Judge's findings concerning the bifurcation agreement are supported by the facts and evidence and are not clearly erroneous or contrary to law.   The Magistrate Judge correctly found that no motion to bifurcate the different causes of action had been filed with the Court.   The Magistrate Judge found that, while the parties may have proceeded with discovery after the entering of the scheduling order as if there was an order bifurcating the causes of action, such an assumption does not limit the scope of discovery when the Court has not expressly bifurcated causes of action in the Plaintiffs' complaint.   The Magistrate Judge further pointed out that, even if a bifurcation agreement were in place, the Defendant's argument that questions concerning the decision to deny coverage were relevant only to the bifurcated bad faith claims held no weight.   The Magistrate Judge found that the line between discovery relevant to evaluating the coverage claim versus evaluating the bad faith claims was "blurry at best" because facts such as who decided to deny coverage could easily be relevant to both issues (11/7/2016 Order at 4.)   Therefore, the Magistrate Judge found that even if the parties presumed an agreement

was in place, certain facts attainable during discovery could very well be relevant to both causes of action.

Given these facts, the Court finds the Magistrate Judge's order granting the Plaintiffs motion to compel was not clearly erroneous or contrary to law.   This Court has not bifurcated the Plaintiffs' causes of action, and such a motion was not submitted to the Court until December 28, 2016.   If the Defendant wanted to bifurcate the issues before discovery, it could have tendered a motion to bifurcate on its own for the Court to consider.[1]   However, it did not to do so.   Further, the Court agrees with the Magistrate Judge's finding that facts surrounding "evaluation" of the coverage claim, such as who decided to deny coverage and why, could very well be relevant to whether the Plaintiffs are entitled to coverage.   The only evidence provided by the Defendants to counter the relevance of these questions is that the two parties were in agreement with one another on the facts.   Without more, the Magistrate Judge's findings should stand.

### B.  Relevancy of Plaintiffs' Discovery Requests

Secondly, the Defendant argues that the Plaintiffs failed to show why the discovery they request is relevant and proportional.   The Defendant contends that it and the Plaintiffs agree on the pertinent facts alleged in the complaint, and that the only remaining question is whether the Plaintiffs are entitled to coverage as a matter of law.   Therefore, the Plaintiffs have not shown why questions concerning the reasons George Lambert was denied coverage are relevant to their coverage claim.   The Plaintiffs assert that they have shown their discovery request was relevant.

---

1 The Court further notes that, despite the Defendant's advocacy regarding bifurcation within the briefing on the instant motion to compel, no motion to bifurcate had been presented to the Court until December 28, 2016, weeks after the hearing on the Plaintiffs' motion to compel.   The Court issues no ruling on that motion here.   However, even if a motion to bifurcate were granted, the scope of bifurcation is uncertain.   Issues are frequently bifurcated for trial only and not for purposes of discovery.

They argue that they simply requested information as to why the Plaintiff George Lambert was denied coverage by Nationwide and information about the decision-making process in relation to the handling of his claim, and that such information is directly relevant to the Plaintiffs' claim that coverage should be granted to Mr. Lambert.

Again, the Magistrate Judge's order is not clearly erroneous or contrary to law.  The Magistrate Judge found that facts surrounding "evaluation" of the coverage claim, such as who decided to deny coverage and why, could very well be relevant to whether the Plaintiffs are entitled to coverage.  The only reason asserted by Nationwide that the Plaintiffs' request seeks information that is not relevant is that the two parties are in agreement concerning the facts of the case.  As the Magistrate Judge pointed out, however, it is unclear why questions concerning the Defendant's denial of coverage are not at all relevant to whether or not George Lambert is indeed entitled to coverage.  Therefore, given the facts and the record, the Court finds that Nationwide has failed to show that the Magistrate Judge's findings were clearly erroneous or contrary to law.

### C.  Preclusion from Asserting Privileges

Finally, the Defendant argues that the Magistrate Judge's order was too broad.  The Defendant argues that language in the order preventing the Defendant's witnesses from refusing to answer questions objected to by the Defendant goes so far as to prevent the Defendant from asserting attorney-client privilege or work product privilege.  The Plaintiffs counter that, while the language in the Magistrate Judge's opinion seems broad, it is directly related to the propounded discovery requests and the Defendant's concerns with the relevancy of the Plaintiffs' questions. For these reasons, the Plaintiffs contend that the Magistrate Judge's order was not so broad as to be clearly erroneous or contrary to law and should be upheld.

7

The Magistrate Judge's order states, in part, as follows:

1. Should Defendant object to an inquiry of the Plaintiffs, *for example, on the basis that the inquiry goes into the evaluation of the coverage claim*, then Counsel for the Defendant shall note its objection for the record during the inquiry (either in responses to discovery requests or in depositions).   However, Defendant shall answer the discovery question while noting the objection.

2. In a deposition, the witnesses are **ORDERED** to answer the question(s) made by the Plaintiff and objected to by Defendant.

3. In a deposition, it is **ORDERED** that Defendant's counsel shall not instruct the witnesses to not answer the question(s).

(11/7/2016 Order at 5 (emphasis added).)

Based on this language, it is clear that because the Defendant argues that questions about the denial of coverage are irrelevant, the Magistrate Judge intended to order the Defendant's witnesses to proceed with an answer to those questions after noting an objection.   This is obvious from the Magistrate Judge's specific qualifying statement that the Defendant's witnesses answer questions even after an objection when, "for example," the Defendant objects "on the basis that the inquiry goes into the evaluation of the coverage claim."   (*Id.*)   If the Magistrate Judge had intended to make this order broadly apply to any objection raised by the Defendant's counsel over and above the relevancy grounds at issue in the motion to compel, the order would not have included this important qualifying statement.   The Defendant offers no evidence that the Magistrate Judge's order intended to go so far as to prevent the Defendant from asserting privileges like work product or the attorney-client privilege.   With no evidence to support such a claim, the Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law and should not be overturned.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendant's Objections to the November 7, 2016 Memorandum Opinion and Order* (Document 26) be **OVERRULED**.   The Court further **ORDERS** that the stay of the Magistrate Judge's November 7, 2016 *Memorandum Opinion and Order* (Document 20) be **LIFTED** and that the order be given full effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Omar J. Aboulhosn, to counsel of record, and to any unrepresented party.


ENTER:    January 5, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA