**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

GEORGE LAMBERT and
DONNA LAMBERT,

                    Plaintiffs,

v.                                         CIVIL ACTION NO.   5:16-cv-06160

NATIONWIDE MUTUAL INSURANCE
COMPANY,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Declaratory Judgment* (Document 13),
the *Memorandum in Support* (Document 14), and the *Plaintiffs' Response in Opposition to
Defendant's Motion for Declaratory Judgment* (Document 21).   For the reasons set forth herein,
the Court finds that the motion for declaratory judgment should be granted.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Plaintiffs initiated this case on June 6, 2016, by filing a complaint in the Circuit Court
of Wyoming County, West Virginia, naming Nationwide Mutual Insurance Company
("Nationwide") as the Defendant.   Nationwide removed the case to this Court on July 8, 2016,
citing diversity jurisdiction.   The Plaintiffs, George and Donna Lambert, alleged in their
complaint that on or about June 23, 2014, Mr. Lambert was operating his truck along Route 3 in
Beckley, West Virginia, with Ms. Lambert as a passenger.   The Plaintiffs retained a motor vehicle

insurance policy from the Defendant ("Lambert Policy").[1]   The Lambert Policy contained limits of $20,000.00 per person and $40,000.00 per occurrence for injuries caused by underinsured motorists.   The Lambert Policy also included a limit of $5,000 of coverage for medical services needed after an accident.   On that same day, Mr. Bobby Bolen was operating his truck along Route 3 in Beckley, West Virginia.   Mr. Bolen also retained a motor vehicle insurance policy from Nationwide ("Bolen Policy")[2], and that policy included coverage limits of $20,000.00 per person for bodily injury liability and $40,000.00 per occurrence for bodily injury liability.   The Plaintiffs' complaint alleges that on or about June 23, 2014, Mr. Bolen drove his truck into the truck of the Plaintiffs.   Both parties concede that Mr. Bolen was wholly at fault for the accident.   Ms. Lambert suffered a back injury from the accident, which required her to undergo two surgeries.   However, both parties concede that Mr. Lambert suffered no physical injury from the accident.

On August 21, 2015, Ms. Lambert filed a demand for insurance benefits based on her injuries in the accident.   Ms. Lambert demanded liability limits of $20,000 from Mr. Bolen's policy, and underinsured policy limits of $20,000 from the Lambert policy.   She also demanded the maximum limit of $5,000 under the Lambert policy for medical expenses incurred due to the accident.   Because the facts of the accident were not in dispute, Nationwide tendered payment of all Ms. Lambert's demands for a total of $45,000.

On December 14 and 15, 2015, Mr. Lambert made a separate demand of Nationwide for the exact same policy limits ($20,000 in liability from the Bolen policy, $20,000 in uninsured from the Lambert policy, and $5,000 in medical pay from the Lambert policy).   Mr. Lambert asserted that he was due these policy limits because Ms. Lambert's medical bills exceeded the $45,000 in

1 The Lambert Policy Number is 9247H807554.
2 The Bolen Policy Number is 9247K362376.

policy limits she was entitled to, and, pursuant to West Virginia Code §48-29-303, Mr. Lambert was now responsible for that outstanding debt as her husband.   Nationwide denied Mr. Lambert's claims for the additional policy limits, explaining that Mr. Lambert did not suffer bodily injury in the accident and therefore was not entitled to any benefit.   The Plaintiffs then filed their complaint, claiming in Count One that they are entitled to declaratory relief finding that Mr. Lambert is entitled to separate policy limits.   The Plaintiffs also assert violations of the Unfair Claims Practice Act and common law bad faith in the second and third counts of their complaint.

The Defendant filed its separate motion for declaratory judgment on October 31, 2016, and the Plaintiffs responded on November 14, 2016.   The Court issued a *Memorandum Opinion and Order* (Document 32) on January 5, 2017, regarding a discovery dispute, and the Defendant's motion is ripe for review.

## STANDARD OF REVIEW

The Declaratory Judgment Act authorizes a district court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."   28 U.S.C. § 2201.   "In declaratory judgment actions, the dispute before the court must be 'definite and concrete, touching the legal relations of parties having adverse legal interests.'"   *State Auto Prop. & Cas. Ins. Co. v. H.E. Neumann Co.*, No. 2:14-CV-19679, 2016 WL 5380925, at *6 (S.D.W. Va. Sept. 23, 2016) (Johnston, J.).   According to the Fourth Circuit, "a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and setting the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."   *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal citations omitted).

3

## DISCUSSION

The Court notes at the outset that the dispute at issue is "definite and concrete, touching the legal relations of parties having adverse legal interests." *State Auto Prop.*, WL 5380925, at *6. The parties disagree about the Plaintiffs' right to insurance benefits above what they have previously received from two different insurance policies. A declaration of the parties' rights will touch the legal relations of the parties and determine whether further rights could be sought. According to the Fourth Circuit, "[i]t is well established, that a declaration of parties rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998). Therefore, a ruling on the Defendant's declaratory judgment motion is appropriate in the instant case.

The Defendant argues in its motion for declaratory judgment that Mr. Lambert is not entitled to any additional insurance benefits regarding the June 23, 2014 automobile accident. The Defendant argues that the plain language of the Bolen policy limited insurance coverage to $20,000 per injured person, and the plain language of the Lambert policy limited insurance coverage for underinsured motorists to $20,000 per injured person and $5,000 for medical expenses. The Defendant asserts that these monetary limits were further limited to claims of bodily injury as defined by the policies, and both parties concede that Mr. Lambert did not suffer any physical bodily injury in the accident. Accordingly, the Defendant argues that Mr. Lambert's claim results from and arises out of Ms. Lambert's injury and is subject to the same per person limits already exhausted by Ms. Lambert's demand.

The Plaintiffs counter that Mr. Lambert is entitled to coverage because, although he did not suffer a physical injury, he was "injured." The Plaintiffs suggest that, because Mr. Lambert

is responsible for paying the remainder of Ms. Lambert's medical bills as her husband pursuant to W.Va. Code §48-29-303, any injury she suffered is imputed to him.   The Plaintiffs assert that the effect of this statutory responsibility is to make Ms. Lambert's injury Mr. Lambert's injury, and Mr. Lambert is therefore entitled to another $25,000 from the Lambert Policy and $20,000 from the Bolen policy.

The Court finds that declaratory judgment in the Defendant's favor is appropriate. Pursuant to West Virginia law, "language in an insurance policy should be given its plain, ordinary meaning." *Glenn Falls Ins. Co. v. Smith*, 617 S.E.2d 760, 767 (W.Va. 2005) (internal citations omitted).   Further, "where the provisions in an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Id.* at 767-68.   "To be ambiguous, the policy provision must be 'reasonably susceptible of two different meanings or be of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning." *Id.* at 768.

Here, the insurance policies at issue are both issued by Nationwide and both define bodily injury as "a) physical injury; b) sickness; c) disease; or d) resultant death; of any person which results directly from a motor vehicle accident."   (Bolen Policy, Def.'s Mot. for Declaratory Judg., Ex. A, at 20; Lambert Policy, Def.'s Mot. for Declaratory Judg., Ex. B, at 26.)   The Lambert Policy limits of payment for claims filed under the underinsured motorist coverage further includes the following conditions:

The limit shown:

a) for ***bodily injury*** for any one person is for ***all covered damages, including all derivative claims***, claimed by ***anyone*** arising out of and due to bodily injury to one person as a result of one occurrence.

5

> The per-person limit is the total amount available when one person *sustains bodily injury* . . . *as a result of one occurrence*.  No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone *arising out of bodily injury* . . . to one person *as a result of* one occurrence.

(Lambert Policy, Def.'s Mot. for Declaratory Judg., Ex. B, at 49) (emphasis added.)   The Bolen Policy contains almost the exact same language in its "Limits and Conditions of Payment" section concerning what the policy will pay for damage or injury to others caused by Mr. Bolen's automobile:

> Our Obligation to pay . . . Bodily Injury Liability losses is limited to the amounts per person and per occurrence stated in the declarations.   The following conditions apply to these limits:
>
> 1.  The limit shown . . .
>
> b.  for Bodily Injury Liability for any one person applies to *one person's bodily injury* . . . and *includes all claims resulting from or arising out of that one person's bodily injury* . . . .   *Any and all claims*, including but not limited to any claim for loss of consortium or injury to the relationship *arising from this bodily injury . . . shall be included in this limit*.

(Bolen Policy, Def.'s Mot. for Declaratory Judg., Ex. A, at 31) (emphasis added.)

The Court finds that the language in both of these policies is neither reasonably susceptible of two different meanings, nor of such doubtful meaning that reasonable minds might differ as to its meaning.   The Lambert Policy and the Bolen Policy define "bodily injury" in exactly the same manner, including physical injury, sickness, disease, or resultant death.   Both policies further limit per-person coverage for bodily injury to include all claims arising out of one person's bodily injury.   The Bolen policy specifically states that the liability limits for one person's injury includes all claims resulting from that injury, including *but not limited to* claims for loss of consortium or injury to the relationship.   Both parties concede that Mr. Lambert did not suffer any physical bodily injury as defined within the insurance policies.   At no point do the Plaintiffs assert that Mr.

Lambert suffered a physical injury, sickness, disease, or resultant death.  Nor do the Plaintiffs contest the definition of "bodily injury" within the policies at issue.  Therefore, Mr. Lambert's claims for additional policy limits, based solely on his responsibility to pay Ms. Lambert's medical bills, are claims resulting from and arising out of Ms. Lambert's injury.  Giving the clear and unambiguous language from both policies its plain meaning, the Court finds that Mr. Lambert is not entitled to any additional insurance benefits.  Having received $45,000 from Nationwide based on her demand, Ms. Lambert has exhausted the limits of the Plaintiffs' entitlement.

Because the Court finds that Mr. Lambert is not entitled to any further insurance coverage, the Court also finds that Counts Two and Three of the Plaintiffs' complaint alleging statutory and common law bad faith are moot and should be dismissed.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion for Declaratory Judgment* (Document 13) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    January 20, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7